cannot be resolved solely upon affidavits submitted on a motion for preliminary injunctive relief. The only facts contained in this record and bearing upon the issue, assuming it to be relevant of course, are that the prime tenants have leased a larger apartment in Pelham, New York, and have moved their furnishings to that residence. However, neither the relocation of the furniture nor the rental of another apartment without the city limits, standing alone, supports the conclusion reached that plaintiffs do not intend to return. The majority has summarily sustained the speculative belief of the landlord that the prime tenants do not intend to resume residence at the expiration of the sublease. Although I consider the issue to have no dispositive effect at all, the record is patently insufficient to resolve the factual issue. No proof has been offered to in any way support the belief on the part of the landlord that plaintiffs have no intention of returning at the expiration of the sublease; nor that they are "trying to keep a connection with this apartment, for reasons known only to themselves". It is just as conceivable that (1) the plaintiffs wish to provide themselves with the option of returning to this apartment, in place of Pelham, at the expiration of the sublease; or (2) they seek to retain the legitimate right to purchase the apartment in the event of a co-operative conversion; or (3) they seek to realize some repayment on account of substantial leasehold improvements. But it is not the province of the landlord — or the court — to determine by speculation the motives of the prime tenant. Similarly there is no support in the record for the finding by Special Term that plaintiffs "elected to permanently leave the City." At the least, these factual determinations require some evidentiary support. They cannot be finally resolved solely upon affidavits, particularly where both sides considered only the legal issue as to whether another primary residence satisfied the requisite objective standard upon which a landlord could properly rely. Accordingly, the order, Supreme Court, New York County (McQuillan, J.), entered November 23, 1982, should be reversed, on the law, the motion for declaratory and mandatory injunctive relief granted, declaring plaintiffs' entitlement to proceed with the proposed sublease and directing defendants to consent thereto in writing, the landlord having failed to offer a cognizable reasonable ground for its refusal to consent to the sublease.

■ FAR EAST HIDES COMPANY, LTD., Respondent, v MERCHANTS BANK OF NEW YORK, Appellant. — Order, Supreme Court, New York County (Carey, J.), entered on September 23, 1982, unanimously affirmed. Respondent shall recover of appellant $75 costs and disbursements of this appeal. The appeal from the judgment of said court, entered on July 8, 1982, is dismissed, without costs and without disbursements, as having been subsumed in the appeal from the aforesaid order. No opinion. Concur — Murphy, P. J., Kupferman, Sullivan, Asch and Lynch, JJ.

■ FRANCISCA RODRIGUEZ et al., Respondents, v CARLOS TOLEDO, Appellant, and MEDICAL ARTS CENTER HOSPITAL, Respondent. — Order, Supreme Court, New York County (Okin, J.), entered on October 13, 1982, unanimously affirmed. Plaintiffs-respondents shall recover of appellant $50 costs and disbursements of this appeal. The appeal from the order of said court, entered on October 20, 1982, is dismissed as having been subsumed in the appeal from the aforesaid order, without costs and without disbursements. No opinion. Concur — Carro, J. P., Bloom, Fein, Lynch and Kassal, JJ.

■ W. P., Appellant, v R. P., Respondent. — Order, Supreme Court, New York County (Stecher, J.), entered on May 25, 1982, affirmed, without costs and without disbursements. Concur — Sandler, Sullivan and Ross, JJ.

Kupferman, J. P., and Alexander, J., dissent in a memorandum by Alexander, J., as follows: I would modify the order below to the extent of striking that paragraph which directs that plaintiff submit to an examination by a court-appointed psychiatrist, who would then report to the court on plaintiff's need for psychotherapy. The genesis of defendant's request lies in the uncontested fact that plaintiff expends a substantial portion of his income for psychotherapy. His relationship with his psychiatrist predates his marriage to the defendant and indeed goes back approximately 30 years to the time when plaintiff was a patient at the Veterans Administration clinic, immediately following his release from the Armed Services. The direction that plaintiff submit to an independent evaluation of his need for psychiatric treatment is purportedly to assist the court in determining the appropriate child support and alimony to be awarded defendant. However, under the facts of this case, the ordered examination is premature and an unwarranted invasion of plaintiff's doctor/patient relationship. Significantly, it is not plaintiff's mental health that is in issue here, rather it is the level of maintenance to be provided the wife and children. That determination, in this pre-equitable distribution action, is to be made pursuant to section 236 (part A, subd 1) of the Domestic Relations Law, as the court "may direct * * * to provide suitably for the support of the other [spouse] as, in the court's discretion, justice requires, having regard to the length of time of the marriage, the ability of each spouse to be self supporting, the circumstances of the case and of the respective parties." Temporary alimony and support has already been set and defendant's application for an upward modification was denied because there had been no change in circumstances from the time of the original award. While that original award is not necessarily controlling in respect to permanent alimony and child support, there has been no showing whatsoever, on this record, that plaintiff's expenditures for psychotherapy have adversely affected the parties' standard of living. Moreover, plaintiff voluntarily supported defendant for nine months following their separation, has been paying the temporary alimony and child support awarded, except for certain disputed deductions, and has made no claim that he is or will be unable to pay such permanent award as the court may fix. Moreover, since psychiatry is, at best, an imprecise science, with varying schools of idealogy and methodology often conflicting with each other, the value of the court-ordered "Second Opinion" is dubious and may well raise more questions than it answers. This drastic invasion of plaintiff's privacy, with the probable traumatic consequences, is in my view unwarranted in the circumstances.

■ In the Matter of the Arbitration between ROBERT E. WALDRON, Appellant, and LYNN B. GODDESS, Respondent. — Order and judgment, Supreme Court, New York County (Blyn, J.), entered October 14, 1982, denying the petition to stay arbitration, dismissing the proceeding and granting the cross motion to compel the parties to proceed to arbitration before the American Arbitration Association, affirmed, without costs, for the reasons stated by Justice Blyn at Special Term. In addition, we make the following observations. The operative facts, fairly set forth in the dissent, reflect that both parties, real estate brokers employed by Cross & Brown, had agreed to submit to binding arbitration any dispute concerning the entitlement of the parties to a brokerage commission except that Goddess' contract had expired. The employment agreements contain substantially similar provisions dealing with arbitration of disputes and direct that any dispute as to commissions is to be submitted to arbitration, either through an internal panel before three senior officers of Cross & Brown, provided both parties agreed to the resolution of the dispute by that internal mechanism or, if they fail to so agree, before the American